UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-22416-CIV-SCOLA
MAGISTRATE JUDGE P.A. WHITE

THOMAS JAMES,

     Petitioner,

v.                                                    **REPORT OF**
                                                   **MAGISTRATE JUDGE**
JULIE JONES,

     Respondent.
_____/

## I.   Introduction

    The *pro se* petitioner, **Thomas James**, a state convicted felon, currently confined at the Dade Correctional Institution, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction and resultant sentence for armed robbery, entered following a jury verdict in Miami-Dade County Circuit Court, **Case No. F93-44126A.**

    The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and, the Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

    No order to show cause has been issued, because it is evident that summary dismissal is warranted. See Rule 4,[1] Rules Governing

_____

[1]Rule 4 of the Rules Governing Section 2255 Petitions, provides, in pertinent part, that "[I]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

Section 2254 Proceedings; <u>see also</u>, <u>See e.g.</u>, <u>Broadwater v. United States</u>, 292 F.3d 1302, 1303-04 (11th Cir. 2002) (a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record for an appellate court to review the district court's decision).

For its consideration of this petition (DE#1), the Court has reviewed the petitioner's available on-line criminal trial and appellate court dockets, relevant state court pleadings, together with the Florida Department of Corrections ("FDOC"), Corrections Offender Network, Inmate Population Information Detail, copies of which are being filed by separate order and made part of the court's record.[2]

## II.  <u>Procedural History</u>

Careful review of the trial and appellate court dockets reveal that the petitioner was charged with and convicted of armed robbery with a firearm, following a jury verdict in **Miami-Dade County Circuit Court, Case No. F93-44126A.** (<u>See</u> Trial Docket:DE#s264,266,268; <u>see also</u> FDOC Inmate Population Information Detail; and, 03/03/12-Rule 3.800 Motion to Correct Illegal Sentence). On March 4, 1996, he was adjudicated guilty and sentenced as a habitual violent felony offender to a term of life imprisonment with a 15-year minimum mandatory. (<u>Id</u>.). The judgment of conviction was subsequently *per curiam* affirmed on direct appeal

---

petitioner...."

[2]The court may take judicial notice of its own records in habeas proceedings. <u>See</u> <u>Fed.R.Evid</u>. 201; <u>United States v. Glover</u>, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts); <u>McBride v. Sharpe</u>, 25 F.3d 962, 969 (11th Cir. 1994), <u>Allen v. Newsome</u>, 795 F.2d 934, 938 (11th Cir. 1986).

on **February 12, 1997**, in a memorandum opinion, finding the prosecutor's justifications for peremptorily challenging prospective jurors were facially race-neutral and genuine, citing <u>State v. Holiday</u>, 682 So.2d 1082 (Fla. 1996) and <u>Melbourne v. State</u>, 679 So.2d 759 (Fla. 1996). <u>See</u> <u>James v. State</u>, 687 So.2d 364 (Fla. 3 DCA 1997)(Mem).; (<u>See also</u> 3DCA Docket, **Case No. 3D96-871**).[3] When no rehearing motion was filed, the direct appeal concluded with the issuance of the mandate on **February 28, 1997**. (<u>See</u> 3DCA Docket, **Case No. 3D96-871**).

At this juncture, it is worth mentioning that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d)(1)(A), established a one year statute of limitations for federal habeas corpus petitions. To determine **when** the one-year federal limitations period begins to run, it must be established when the petitioner's conviction became final. In order to do so, the court must first determine whether petitioner was entitled to seek review to the Florida Supreme Court, as the state's highest court. Determining what constitutes a "state court of last resort" or "the highest court of a State in which a decision could be had," for purposes of the Supreme Court's certiorari jurisdiction, requires an examination of state court procedures. <u>See</u> <u>Costarelli v. Massachusetts</u>, 421 U.S. 193, 195–97, 198–99, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975); <u>Pugh v. Smith</u>, 465 F.3d 1295, 1299–1300 (11th Cir. 2006); <u>see also</u> <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 149, 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012).

---

[3]The trial court docket appears to contain a scrivener's error, showing at DE#286 that the mandate issued and it was docketed on March 3, 1997, reflecting "affirming denial judgment and sentence." However, the next docket entry, No. 288, reveals "Mandate:-DCA/Affirming in Part and Remanding." Given the actual appellate court docket, to the extent this entry refers to the direct appeal it appears to have been entered or described in error.

3

In Florida, Article V, section 3(b), of the Florida
Constitution governs the jurisdiction of the Florida Supreme Court.
See Wells v. State, 132 So.3d 1110, 1112 (Fla. 2014). That
provision provides, in relevant part:

> (b)   Jurisdiction.—The supreme court:
>
>     (3)   May review any decision of a district court of
>     appeal that expressly declares valid a state statute, or
>     that expressly construes a provision of the state or
>     federal constitution, or that expressly affects a class
>     of constitutional or state officers, or that expressly
>     and directly conflicts with a decision of another
>     district court of appeal or of the supreme court on the
>     same question of law.

Fla. Const. art. V, §3(b)(3).

In Wells, the Florida Supreme Court summarized its decisions
addressing the limits of its jurisdiction under Fla. Const. art. V,
§3(b)(3):

> [B]ased on our case law since Jenkins [v. State, 385
> So.2d 1356 (Fla.1980)], it is clear that we have
> explicitly held that this Court lacks discretionary
> review jurisdiction over the following four types of
> cases: (1) a per curiam affirmance rendered without
> written opinion—see Jenkins, 385 So.2d at 1359; (2) a per
> curiam affirmance with a citation to (i) a case not
> pending review or a case that has not been quashed or
> reversed by this Court, (ii) a rule of procedure, or
> (iii) a statute—see Dodi Publishing [Co. v. Editorial
> America, S.A.], 385 So.2d [1369,] 1369 [(Fla.1980)], and
> Jollie [v. State], 405 So.2d [418,] 421 [(Fla.1981)];
> (3) a per curiam or other unelaborated denial of relief
> rendered without written opinion—see Stallworth [v.
> Moore], 827 So.2d [974,] 978 [ (Fla. 2002)]; and (4) a
> per curiam or other unelaborated denial of relief with a
> citation to (i) a case not pending review or a case that
> has not been quashed or reversed by this Court, (ii) a
> rule of procedure, or (iii) a statute—see Gandy [v.

State], 846 So.2d [1141,] 1144 [(Fla. 2003)].

Wells v. State, 132 So.3d at 1113 (Fla. 2014); see also, Persaud v. State, 838 So.2d 529, 531-32 (Fla. 2003).[4]

As applied here, the petitioner's judgment of conviction was *per curiam* affirmed by the **Third** District Court of Appeal. Under Florida law, petitioner was not allowed to seek the Florida Supreme Court's discretionary review, because the **Third** District Court of Appeal issued a *per curiam* memorandum opinion, affirming the judgment of conviction and resultant sentence, without citing to any decision for which the Florida Supreme Court had accepted review. See Wells v. State, 132 So.3d 1110 (Fla. 2014); Persaud v. State, 838 So.2d 529 (Fla. 2003).

Because the petitioner was not entitled to seek discretionary review to the Florida Supreme Court, the petitioner's conviction became final, and the AEDPA one-year limitations period began to run, on **Tuesday, May 13, 1997,** ninety days after the state appellate court affirmed his direct appeal, when the period for seeking discretionary review with the U.S. Supreme Court expired. See Kaufman v. United States, 282 F.3d 1336, 1338 (11 Cir. 2002)(concluding that conviction does not become "final" for purposes of §2555(f)(1) until the 90-day period for seeking certiorari review expires, even if prisoner does not petition for such review); Sup. Ct. R. 13; Gonzalez v. Thaler, 565 U.S. 134, 132

---

[4]The Florida Supreme Court in Persaud found that the decisions in Dodi Publishing Co. v. Editorial America, S.A., 385 So.2d 1369 (Fla. 1980) and Jollie v. State, 405 So.2d 418 (Fla. 1981), "when read together, stand for the proposition that this [Florida Supreme Court] does not have jurisdiction to review *per curiam* decisions of the district courts of appeal that merely affirm with citations to cases not pending review in this [Florida Supreme Court] Court." Persaud v. State, 838 So.2d 529, 531-32 (Fla. 2003).

S.Ct. 641, 181 L.Ed.2d 619 (2012).[5] Applying the finality trigger of §2244(d)(1)(A), the statute of limitations began running on **May 13, 1997.**

Petitioner had one year from the time his conviction became final on **May 13, 1997** or until **May 13, 1998,** to timely file his §2254 petition. See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr's, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007)(noting that limitations period should be calculated using "the anniversary date of the triggering event").

However, the one-year limitations period is statutorily tolled during times when a "properly filed" application for post-conviction relief is pending in the state forum. See 28 U.S.C. §2244(d)(2). An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000).

With the foregoing background, it appears that the federal

---

[5]See Gonzalez v. Thaler, 565 U.S. 134, 146-47, 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012)(holding that conviction becomes final upon expiration of time for seeking direct review); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A). See also Clay v. United States, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273 (11th Cir. 2006)(holding that one-year statute of limitations established by AEDPA began to run 90 days after Florida appellate court affirmed habeas petitioner's conviction, not 90 days after mandate was issued by that court).

limitations period ran untolled for approximately **9 months**, from the time petitioner's conviction became final on **May 13, 1997** until approximately **February 18, 1998**,[6] when petitioner returned to the trial court filing his first motion for post-conviction relief, pursuant to Fla.R.Cr.P. 3.850. (See Trial Court Docket; see also DE#1:3). The denial of the motion was subsequently *per curiam* affirmed by the Third District Court of Appeal in a decision without written opinion. James v. State, 727 So.2d 933 (Fla. 3 DCA 1998)(table). This Rule 3.850 appeal concluded with the issuance of the mandate on **December 1, 1998**. (See 3DCA Docket, **Case No. 3D98-2588**).

While the foregoing was still pending, the petitioner next filed a second motion for post-conviction relief on or about October 16, 1998. (See Trial Court Docket, DE#322). The trial court denied the motion by written order entered on November 25, 1998. (See Trial Court Docket, DE#337). Rehearing was denied on December 10, 1998. (See Trial Court Docket, DE#338). From review of the state trial court docket, it does not appear as if a timely notice of appeal was prosecuted. Therefore, this proceeding became final, at the latest on **Monday, December 28, 1998**,[7] when the 30-day period for filing a timely appeal expired.

The limitations period ran unchecked for over **5 years**, from the conclusion of the above proceeding on **December 28, 1998** until

---

[6]In this federal habeas petition, the petitioner indicates the date of filing of this Rule 3.850 motion as "unknown." (DE#1:3). Absent the actual state court pleading, this court has utilized the date provided by the petitioner in his federal habeas petition as the date of filing, and if that is not provided, then the court has used the approximate date reflected on the state trial and/or appellate dockets as the filings date(s).

[7]Since the thirtieth day fell on a legal holiday, the next business day was Monday, and as such, the petitioner had until that Monday within which to pursue a timely notice of appeal.

the petitioner filed a motion to correct illegal sentence on or about **June 18, 2004.** (<u>See</u> Trial Court Docket, DE#342). The trial court's denial of the motion was subsequently *per curiam* affirmed, citing various Florida appellate cases which hold that predicate crimes for which a defendant receives probation and adjudication could be considered for purposes of a habitual offender enhancement. <u>See</u> <u>James v. State</u>, 895 So.2d 1283 (Fla. 3 DCA 2005). The appellate proceedings concluded when review was denied by the Florida Supreme Court on **September 12, 2006.** <u>James v. State</u>, 939 So.2d 1059 (Fla. 2006).

At this juncture, the foregoing motion to correct illegal sentence, instituted over 5 years after the conclusion of the Rule 3.850 proceeding, and past the one-year deadline for filing a federal habeas petition, does not serve to statutorily toll the federal limitations period from expiring. <u>See</u> <u>Hutchinson v. Florida</u>, 677 F.3d 1097, 1098 (11th Cir. 2012)("In order for...§2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000). Therefore, any further post-conviction proceeding instituted thereafter, as will be mentioned herein, does not impact the limitations period which had already expired.

Briefly, petitioner filed another post-conviction motion on or about April 2006. The motion was denied, and the denial affirmed on direct appeal. <u>James v. State</u>, 940 So.2d 435 (Fla. 3 DCA 2006)(table). The proceeding concluded with the issuance of the mandate on November 3, 2006. (<u>See</u> 3DCA Docket, **Case No. 3D06-1466**). He filed another Rule 3.850 motion almost a year later in October 2017, which was denied, and the denial affirmed on appeal. <u>James v.</u>

State, 979 So.2d 235 (Fla. 3 DCA 2008). The proceeding concluded with the issuance of the mandate on April 7, 2008. (See 3DCA Docket, **Case No. 3D07-3088**). Next, petitioner filed a state habeas corpus petition, which was denied on June 2, 2010. (See Trial Court Docket, DE#441). Rehearing was denied on August 4, 2010. A notice of belated appeal was filed, and granted on March 28, 2011. See James v. Florida, 59 So.3d 1147 (Fla. 3 DCA 2011). Thereafter, the denial of the post-conviction motion was *per curiam* affirmed in a decision without written opinion. James v. Florida, 61 So.3d 1132 (Fla. 3 DCA 2011)(table). After no rehearing was motion was filed, the appeal concluded when the mandate issued on June 20, 2011. (See 3DCA Docket, **Case No. 3D11-1003**). Over 8 months later, in March 2012, the petitioner filed a motion to correct illegal sentence, which was denied by the trial court, and the denial *per curiam* affirmed by the appellate court on September 19, 2012. The appeal concluded when the mandate issued on October 15, 2012. (See 3DCA Docket, **Case No. 3D12-2013**).

Over a year later, petitioner filed a Rule 3.800 motion, which was denied by the trial court, and the denial *per curiam* affirmed on appeal. James v. State, 150 So.3d 1155 (Fla. 3DCA 2014)(table). The appeal concluded with issuance of the mandate on October 6, 2014. (See 3DCA Docket, **Case No. 3D14-1229**). Several months later, on or about January 2015, the petitioner filed yet another state habeas corpus petition, which was denied by the trial court, and the denial affirmed on appeal. James v. State, 177 So.3d 266 (Fla. 3 DCA 2015)(table). The appeal concluded with issuance of the mandate on November 19, 2015. (See 3DCA Docket, **Case No. 3D15-1782**).

Almost 2 years later, petitioner filed a motion for post-conviction relief, based on the retroactive application of Hall v.

<u>Florida</u>, 134 S.Ct. 1986 (2014). The trial court denied relief, and the denial was *per curiam* affirmed on appeal in a decision without written opinion. <u>James v. State</u>, 2008 WL 735554 (Fla. 3 DCA 2018)(unpublished). After rehearing was denied, the appeal concluded with the issuance of the mandate on April 6, 2018.

The petitioner then came to this court, filing the instant federal habeas petition on **June 15, 2018**, after he signed and handed it to prison officials for mailing, in accordance with the mailbox rule, as evidenced by the U.S. Postal Service stamp on the envelope mailed to this court.[8] (DE#1:12). In all, well in excess of **4 years** were untolled from the time the petitioner's conviction became final and the filing of this federal petition.

### III. <u>Discussion-Timeliness</u>

Since Petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. <u>See</u> <u>Wilcox v. Fla.Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on

---

[8]The State of Florida and the Eleventh Circuit recognize that "[U]nder the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); <u>Griffin v. Sistuenck</u>, 816 So.2d 600 (Fla. 2002)(date of service in prisoner's certificate of service was used as the filing date); <u>see</u> <u>Fed.R.App</u>. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. <u>See</u> <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001); <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). For purposes of this Report, unless otherwise specified, the date of filing of the petitioner's pleadings is the date file stamped by the prison authorities, and if that is unavailable, then it is the date petitioner signed the pleading. If neither is reflected, then the date of filing is the date represented by petitioner in his federal habeas petition.

petitions for writ of habeas corpus filed by state prisoners. <u>See</u> 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>See</u> 28 U.S.C. §2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. §2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. <u>See</u> 28 U.S.C. §2244(d)(2); <u>see also</u>, <u>Rich v. Sec'y for Dep't of Corr's</u>, 512 Fed.Appx. 981, 982-83 (11th Cir. 2013).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000)(footnote omitted); see also, Rich, 512 Fed.Appx. at 983. Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to tick. Kearse v. Sec'y, Fla. Dep't of Corr's, 736 F.3d 1359, 1362 (11th Cir. 2013).

Further, "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPAs limitations period." Gorby v. McNeil, 530 F.3d 1363, 1366 (11th Cir. 2008)(citation omitted), cert. den'd, 556 U.S. 1109, 129 S.Ct. 1592, 173 L.Ed.2d 684 (2009). A motion filed past the deadline for filing a federal habeas petition cannot toll the limitations period. See Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012)("In order for...§2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

## A.  Statutory Tolling Under §2244(d)(1)(A)

As noted previously in this Report, there was well over **one year** of untolled time from the time petitioner's conviction became final until he filed this federal petition. While it is true that petitioner's federal limitations period would be tolled during the pendency of properly filed post-conviction proceedings in the state forum, as narrated above, there still remained well in excess of one year during which no state, properly filed collateral

proceedings were instituted or otherwise pending which would serve to toll or stop the federal limitations period from expiring. In fact, the procedural history narrated above shows that there was well over **4 years** during which no post-conviction motions were pending so as to toll expiration of the limitations period. Thus, this federal petition was not timely filed under §2244(d)(1)(A).

## B. <u>Statutory Tolling Under §2244(d)(1)(C),(D)</u>

The foregoing, however, does not end the inquiry here. Petitioner has not alleged here that he is otherwise entitled to statutory tolling based on newly discovered evidence. To the extent he suggests that the limitations period began anew, under §2244(d)(1)(C), when the Florida Supreme Court made <u>Hall v. Florida</u>, 572 U.S. ____, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014) retroactively applicable, that argument warrants no relief.

On May 27, 2014, the U.S. Supreme Court in <u>Hall v. Florida</u>, 572 U.S. ___, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014), found Florida's law defining intellectual disability to require an Intelligence Quotient ("IQ") test score of 70 or less was too rigid to pass constitutional scrutiny. The rule in <u>Hall</u> has not been made retroactive by the U.S. Supreme Court. <u>See</u> <u>In re: John Ruthell Henry</u>, 757 F.3d 1151 (11 Cir. 2014). Further the Eleventh Circuit has also held that <u>Hall</u> is not retroactively applicable, because it "merely provides new *procedures* for ensuring that states follow the rule enunciated in <u>Atkins</u>...."[9] finding that "<u>Hall</u> did not expand the class of individuals protected by <u>Atkins</u> prohibition...."

---

[9]In <u>Atkins v. Virginia</u>, 536 U.S. 304, 321, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), the Supreme Court held that the Eighth Amendment prohibits the execution of individuals whoa re intellectually disabled, and left to the states the task of developing appropriate methods for enforcing the prohibition. <u>Id</u>. at 317, 122 S.Ct. 2242.

Kilgore v. Sec'y, Fla. Dep't of Corr's, 805 F.3d 1301, 1314-1315
(11 Cir. 2015). The Eleventh Circuit explained that "Hall created
a procedural requirement that those with IQ test scores within the
test's standard of error would have the opportunity to otherwise
show intellectual disability." Kilgore v. Sec'y, Fla. Dep't of
Corr's, 805 F.3d at 1314.

Thus, under §2244(b)(2), a "new rule is not 'made retroactive
to cases on collateral review' unless the Supreme Court holds it to
be retroactive." Tyler v. Cain, 533 U.S. 656, 633, 121 S.Ct. 2478,
150 L.Ed. 632 (2001). In addition, the Court may make a new rule
apply retroactively through multiple holdings logically dictating
the retroactive nature of the new rule. Id. at 688, 121 S.Ct. 2478
(O'Connor, J., concurring). These holdings, however, must permit no
other conclusion than that the rule applies retroactively.
See Tyler v. Cain, 533 U.S. at 669, 121 S.Ct. 2478 (O'Connor, Jr.,
concurring). Consequently, it matters not that the Florida Supreme
Court made Hall retroactive in 2016 for purposes of determining the
timeliness of this federal petition.

Under the AEDPA, the one-year limitations period for a
§2244(d)(1)(c) motion, based on the a Supreme Court decision, runs
from the date of the Supreme Court's decision–not the date on which
it was declared retroactive to cases on collateral review. See 28
U.S.C. §2244(d)(1)(C) (providing, as relevant here, that the
one-year period runs from "the date on which the right asserted was
initially recognized by the Supreme Court, if that right has been
newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review"); Dodd v. United States,
545 U.S. 353, 358-59 (2005) ("[I]f this Court decides a case
recognizing a new right, a federal prisoner seeking to assert that
right will have one year from this Court's decision within which to

file his §2255 motion."). Since <u>Hall</u> has not been made retroactive by the Supreme Court or the Eleventh Circuit, the petitioner cannot utilize that decision to restart his one-year federal limitations period which has long since expired.

## C.   <u>Equitable Tolling</u>

Next, given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless the petitioner can establish that equitable tolling of the statute of limitations is warranted. However, as will be demonstrated below, the petitioner has not demonstrated that he is entitled to equitable tolling.

Both the United States Supreme Court and Eleventh Circuit Court of Appeals have held that equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. <u>Holland v. Florida</u>, 560 U.S. 631, 648, 130 S.Ct. 2549, 2562 (2010)("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.")(<u>quoting</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)); <u>San Martin v. McNeil</u>,[10] 633 F.3d 1257, 1267 (11 Cir. 2011); <u>Chavez v. Secretary, Dept. of Corrections</u>, 2011 WL 2990060, at *7 (11th 2011).

_____

[10]In <u>San Martin</u>, petitioner failed to explain how a two-week delay in receiving notice of the Supreme Court's denial of his certiorari petition ultimately caused the late filing of his federal petition, or why he did not have ample time, even after the two-week delay, to have presented a timely federal habeas petition. <u>See</u> <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1261-63 (11th Cir. 2011).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland v. Florida, 560 U.S. at 652, 130 S.Ct. at 2565 (quoting Lonchar v. Thomas, 517 U.S. 314, 326 (1996)). "As for the 'extraordinary circumstances' prong...a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d at 1267. In Holland, the Supreme Court reiterated that it had previously found that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland v. Florida, 560 U.S. at 651, 130 S.Ct. at 2564 (citations omitted)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The Holland Court noted that when facts of the case warrant it, equitable tolling can be applied in the "absence of an allegation and proof of bad faith, dishonesty, divided loyalty, [or] mental impairment." Holland, 560 U.S. at 642-43, 130 S.Ct. at 2559-60. The court further explained that "professional conduct that fails to [rise to that level] could nonetheless amount to egregious behavior that warrants equitable tolling." Holland, 560 U.S. at 650-51, 130 S.Ct. at 2563-64.

In setting aside a court's finding that no diligence had been demonstrated, the Supreme Court found that Holland's counsel had not only failed to file Holland's federal petition on time, but also failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case. Holland v. Florida, 560 U.S. at 651, 130 S.Ct. at 2564. The Supreme Court further found that counsel failed to failed to communicate with his client over a period of years, despite Holland's numerous letters to counsel that repeatedly emphasizing the importance of filing the federal petition on time, identifying the applicable legal rules,

16

pleading for information about the Florida Supreme Court's decision, and pleading with counsel to respond to the letters. <u>Holland v. Florida</u>,[11] 560 U.S. at 651, 130 S.Ct. at 2564.

Something more than attorney negligence may justify equitable tolling in appropriate cases. For example, in <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2009), the Eleventh Circuit drew the distinction between "mere negligence" on the one hand, and "egregious misconduct" on the other. "Egregious misconduct" is conduct in which an attorney makes misrepresentations, gives false assurances, or outright lies about the status of a case to his client. <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d at 1321-22,1323 (giving an example of egregious misconduct as one of "outright willful deceit"); <u>see also</u>, <u>Roper v. Dep't of Corr's</u>, 434 Fed.Appx. 786, 2011 WL 2693183 (11th Cir. 2011)(holding that "affirmative misrepresentation by counsel" about the status of a motion may constitute "extraordinary circumstances" justifying equitable tolling of the habeas filing deadline).

Further, counsel's mistake "in miscalculating the limitations period does not provide a basis for equitable tolling because such an argument would essentially equitably toll limitations period for

---

[11]In <u>Holland</u>, however, the Supreme Court determined that the facts did not involve a garden variety claim of attorney negligence, but instead far more serious instances of attorney misconduct. <u>Holland v. Florida</u>, 560 U.S. at 651, 130 S.Ct. at 2564. In <u>Holland</u>, the Supreme Court stressed that:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins [Holland's attorney]--the central impediment to the pursuit of his legal remedy--removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

<u>Holland v. Florida</u>, 560 U.S. at 652, 130 S.Ct. at 2565.

every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007). Likewise, the filing of motions for extensions of time by counsel to file a motion for post conviction relief in state court also does not serve to toll the AEDPA statute of limitations. <u>Chavez v. Fla. Dep't of Corr's</u>, 647 F.3d 1057 (11th Cir. 2011).

The Eleventh Circuit has also cautioned that a petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate. <u>See</u> <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002)(*per curiam*); <u>Drew v. Dep't of Corr's</u>, 297 F.3d 1278, 1288 (11th Cir. 2002)("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition."* (emphasis supplied)). Where a petitioner alleges to have contacted the court by mail, but provides no copies of the letters and does not make any attempt to otherwise contact the court, such as by calling or seeking help from a person who could go to the court personally, no equitable tolling is warranted. <u>Drew</u>, 297 F.3d at 1289).

Petitioner has not demonstrated that he was diligent in pursuing post-conviction relief. While the record reveals that the petitioner was a proactive litigant, filing numerous post conviction collateral attacks in the state courts, here he has not established any facts to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." <u>See</u> <u>Drew</u>

v. Dep't of Corr's, 297 F.3d 1278, 1289 (11th Cir. 2002). This
court is not unmindful that petitioner pursued collateral relief in
the state forum. However, it is evident that there was well over
**one** year of untolled time during which no properly filed
postconviction proceedings were pending which would act to toll the
federal limitations period. As a result of petitioner's failure to
properly and diligently pursue his rights, he has failed to
demonstrate that he qualifies for equitable tolling of the
limitations period. See Webster v. Moore, 199 F.3d 1256, 1258-60
(11 Cir.)(holding that even properly filed state court petitions
must be pending in order to toll the limitations period), cert.
den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's
failure to timely and expeditiously pursue state post-conviction
proceedings and then this federal habeas corpus proceeding. Since
this habeas corpus proceeding, instituted in **2018,** is untimely, the
petitioner's claims challenging the lawfulness of his judgment, are
now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should
not be considered on the merits.

Also, any suggestion in objections or otherwise that he is
entitled to equitable tolling, because he is ignorant of the law,
has been repeatedly rejected by the Eleventh Circuit and other
courts to have considered the issue. Specifically, the Eleventh
Circuit has held that a lack of a legal education and related
confusion or ignorance about the law as excuses for a failure to
file in a timely fashion does not warrant equitable tolling of the
limitations period. See Perez v. Florida, 519 Fed.Appx. 995, 997
(11th Cir. 2013)(quoting, Rivers v. United States, 416 F.3d 1319,
1323 (11th Cir. 2005)(holding that while movant's lack of education
may have delayed his efforts to vacate his state conviction, his

procedural ignorance is not an excuse for prolonged inattention when promptness is required)); Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. den'd, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations).

As with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007); see also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005)(observing that, in each of the cases in which equitable tolling has been applied, the requisite "extraordinary circumstances" has been based on "wrongful conduct" that "actually prevented the prisoner from preparing or filing the habeas petition"); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(*pro se* status and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(holding that *pro se* status and lack of access to an attorney do not warrant equitable tolling); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a §2254 claim"); United States v. Flores, 981 F .2d 231, 236 (5th Cir. 1993)(*pro se* status, illiteracy, deafness, and lack of legal training are not external factors sufficient to excuse or extend limitations period); Henderson v. Johnson, 1 F.Supp.2d 650, 656 (N.D.Tex. 1998)(claim by prisoner that he was entitled to equitable tolling, because he " 'did not know what to do,' " is "archetypal" for *pro se* prisoners seeking federal habeas relief and "far from the extraordinary circumstances required to toll the statute").

In fact, in <u>Dodd v. United States</u>, 365 F.3d 1273, 1282-83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. The Eleventh Circuit denied equitable tolling, stating that "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate. <u>Id</u>. at 1283. In <u>Paulcin v. McDonough</u>, 259 Fed.Appx. 211, 213 (11th Cir. 2007), the Eleventh Circuit also determined that the transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. There, the petitioner Paulcin "failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding." Given all of the foregoing, petitioner here has not alleged, let alone demonstrated, that he is entitled to equitable tolling of the limitations period.

### D. **Fundamental Miscarriage of Justice**

Further, no fundamental miscarriage of justice will result from time-barring the claim(s) raised in this habeas proceeding. In other words, petitioner has not presented sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits. See <u>Milton v. Sec'y, Dep't of Corr's</u>, 347 Fed.Appx. 528,

531-532 (11th Cir. 2009) (unpublished) (holding that affidavits proffered by *pro se* habeas petitioner were insufficient to establish actual innocence of murder, as would allegedly have created an exception to one-year limitations period, because affidavits were presented more than ten years after murder and eight years after petitioner's trial, the affiants were in most cases aware of the alleged facts to which they attested before petitioner's trial, the affidavits were either not new evidence or were of questionable reliability, and none of the evidence negated petitioner's confession or his taped conversation with the victim's mother wherein he implicated another individual in the murder)(unpublished). Consequently, under the totality of the circumstances present here, this federal petition remains time-barred.

### E. <u>Actual Innocence</u>

If petitioner means to argue here, or in objections, that he is entitled to review on the merits because of "actual innocence," that argument also warrants no relief. It is now well settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. The United States Supreme Court has determined that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and <u>House v. Bell</u>, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), or expiration of the AEDPA statute of limitations. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).[12]

---

[12]The Eleventh Circuit had before the recent Supreme Court decision already recognized an equitable exception to AEDPA's statute of limitations based on a credible showing of actual innocence. <u>See</u> <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267-68 (11th Cir.)*, cert. denied sub nom.*, <u>San Martin v. Tucker</u>, _565 U.S. 843,

"[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. at 538. "In the usual case the presumed guilt of a prisoner convicted in state [or federal] court counsels against federal review of [untimely] claims." Id. at 537. Schlup observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House, 547 U.S. at 536-37 (quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Thus, "[a] court also may consider an untimely petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011)(citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)).

Petitioner presents no new evidence whatsoever, let alone any

---

132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

"new reliable evidence" to support a claim of actual innocence. Nor has he suggested that this requisite evidence exists, so as to meet the stringent actual-innocence standard. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518.  Rather, Petitioner's claims are purely legal challenges to his conviction and resultant sentence. As set forth above, it is well settled that actual innocence requires the petitioner to show "factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623.

There is no federal constitutional violation which would allow this court to ignore the time bar and review the claim raised herein on the merits. <u>See</u> <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993)(holding "[c]laims of actual innocence based on newly discovered evidence have never held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); <u>Jordan v. Sec'y, Dep't of Corr's</u>, 485 F.3d 1351, 1356 (11 Cir. 2007). No such showing has been made here.

For all of the foregoing reasons, the petitioner has not demonstrated either statutory tolling, equitable tolling, actual innocence, or that a fundamental miscarriage of justice will result if the court does not review the merits of this federal petition.

This Court is mindful of the <u>Clisby</u>[13] rule that requires district courts to address and resolve all claims raised in habeas proceedings, regardless of whether relief is granted or denied. <u>Clisby</u>, 960 F.2d at 935-36 (involving a 28 U.S.C. §2254 petition filed by a state prisoner); <u>see</u> <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009) (holding that <u>Clisby</u> applies to §2255

---

[13]<u>Clisby v. Jones</u>, 960 F.2d 925, 936 (11th Cir.1992).

proceedings).  However,  nothing  in  <u>Clisby</u>  requires,  much  less
suggests, consideration of claims or arguments raised for the first
time in objections. Therefore, to the extent the movant attempts to
raise  arguments  or  further  factual  support  for  tolling  of  the
federal  limitations  period,  the  court  should  exercise  its
discretion and refuse to consider the arguments not raised before
the magistrate judge in the first instance.[1]

## IV. <u>Evidentiary Hearing</u>

To  the  extent  petitioner  requests  an  evidentiary  hearing  on
this matter, the request must be denied. To determine whether an
evidentiary hearing is needed, the question is whether the alleged
facts, when taken as true, show both extraordinary circumstances
and reasonable diligence entitling a petitioner to enough equitable
tolling to prevent his motion to vacate or habeas petition from
being  time-barred.  <u>See generally</u>  <u>Chavez v. Sec'y Fla. Dep't of
Corr's</u>, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an
evidentiary  hearing  on  the  issue  of  equitable  tolling  of  the
limitations  period  was  not  warranted  in  a  §2254  proceeding  and
further finding that none of the allegations in the habeas petition
about what postconviction counsel did and failed to do came close
to  the  serious  attorney  misconduct  that  was  present  in  <u>Holland</u>,

---

[1]The  petitioner  is  cautioned  that  any  attempt  to  raise  new  facts  or
arguments,  or  any  effort  to  provide  due  diligence  in  objections  to  this  Report
may not be considered in the first instance by the district court. <u>See</u> <u>Williams
v. McNeil</u>, 557 F.3d 1287, 1291 (11 Cir. 2009)(finding no abuse of discretion
where district court declined to consider petitioner's timeliness argument that
was  not  presented  to  the  magistrate  judge);  <u>Brown  v.  United  States</u>,  2017  WL
7341401 at *3 (11 Cir. 2017); <u>Starks v. United States</u>, 2010 WL 4192875 at *3
(S.D. Fla. 2010); <u>United States v. Cadieux</u>, 324 F.Supp. 2d 168 (D.Me. 2004). This
is so because "[P]arties must take before the magistrate, 'not only their best
shot but all of the shots.'" <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d
4,  6  (1st  Cir.  1987)(<u>quoting</u>  <u>Singh  v.  Superintending  Sch.  Comm.</u>,  593  F.Supp.
1315, 1318 (D.Me. 1984)).

instead, were at most allegations of garden variety negligence or neglect).  If so, the petitioner gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## V. **Certificate of Appealability**

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). See 28 U.S.C. §2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S.Ct. 1481 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if petitioner does not agree, he/she may bring this argument to the attention of the district judge in objections.

26

## VI. **Conclusion**

Based upon the foregoing, it is recommended that: (1) this petition for writ of habeas corpus be DISMISSED as time-barred; (2) a final judgment be entered; (3) a certificate of appealability be DENIED; and, (4) the case be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 25th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Thomas James, Pro Se
     DC#114319
     Dade Correctional Institution
     Inmate Mail/Parcels
     19000 SW 377th Street
     Florida City, FL 33034

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com

27

28