United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Thomas James, Petitioner, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-22416-Civ-Scola |
| Julie Jones, Respondent. | ) |
| | ) |
| | ) |

## Opinion Order on Petitioner's Objection to the Magistrate Judge's Report and Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 2.) On June 25, 2018, Judge White issued a report (the "R&R," ECF No. 3), recommending that the Court deny the petition for writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition," ECF No. 1) as time-barred and dismiss the case. With leave of Court, the Petitioner Thomas James ("James") timely objected to the R&R. (the "Objection," ECF No. 15.) Having reviewed de novo those portions of Judge White's report to which James properly objected and having reviewed the remaining parts for clear error, the Court **overrules** the Objection (ECF No. 15), **adopts** the R&R (ECF No. 3) in its entirety, **denies** the Petition (ECF No. 1), and **closes** this case, for the reasons described below.

As thoroughly detailed in the R&R, the Petition is the most recent filing in a long line of actions for post-conviction relief pursued by James over the past two decades, following his sentencing in March 1996 to life imprisonment. (ECF No. 3 at pp. 2-10.) James raises one argument in the Petition: that the Supreme Court's 2014 holding in *Hall v. Florida*, which declared Florida's definition of intellectual disability unconstitutional, establishes a new constitutional right that applies retroactively and renders James' sentence unconstitutional. 572 U.S. 701, 134 S. Ct. 1986, 188 L. Ed. 2d 1007 (2014); (ECF No. 1 at pp. 5-7.)

In the R&R, Judge White found that the Supreme Court had not made *Hall* retroactive, meaning the Petition did not fall under 28 U.S.C. § 2244(d)(1)(C) (creating a one-year limitations period for habeas petitions beginning on "the date on which the constitutional right asserted was initially

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). Thus, Judge White found that the case properly fell under 28 U.S.C. § 2244(d)(1)(A), and that the one year limitations period for habeas review began to run on "the date on which the judgment became final," or May 13, 1997. (ECF No. 3 at p. 6.) Further finding that the statute of limitations was not properly tolled, by statute or otherwise, Judge White also recommended that the Court deny the Petition and dismiss the case a time-barred. (*Id.* at pp. 10-21, 27.)

In his Objection, James raises three arguments: (1) that the Petition is not a second or successive habeas corpus petition and, thus, is not governed by 28 U.S.C. § 2244(b)(2)(A), (ECF No. 15 at pp. 3-5); (2) that Congress intended different meanings for "retroactive" in section 2244(b)(2)(A) and "retroactively" in section 2244(d)(1)(C), such that prevailing Eleventh Circuit precedent holding that *Hall* was not retroactive under the former is immaterial to whether the Petition is time-barred under the latter, (ECF No. 15 at p. 6); and (3) that the Supreme Court made *Hall* retroactive on collateral review through multiple holdings that logically dictate that result, (*id.* at pp. 7-8). The crux of the Objection is that the Petition is not time-barred because 28 U.S.C. § 2244(d)(1)(C) applies to the claim and supplies a later commencement date for statute of limitations purposes. The Objection and all three arguments are overruled as follows.

First, Judge White made no finding that the Petition was a second or successive habeas petition, or otherwise fell within the purview of 28 U.S.C. § 2244(b)(2)(A). Thus, the objection on that ground is immaterial and **overruled**.

Second, the Court declines to give "retroactive" and "retroactively" different meanings, as they are used in sections 2244(b)(2)(A) and (d)(1)(C). James urges the Court to adopt his view that section 2244(d)(1)(C) "permit[s] any Court, Federal or State, to determine if a constitutional right, newly recognized by the Supreme Court," should be applied retroactively. (ECF No. 15 at p. 6.) And, as James argues, because the Florida Supreme Court found "that *Hall* does apply retroactively," the Court should follow that decision and provide James an alternate, later start date for statute of limitations purposes under section 2244(d)(1)(C). (*Id.*); *Walls v. State,* 213 So. 3d 340, 346 (Fla. 2016).

The Florida Supreme Court's interpretation of federal law does not bind this Court; but the Eleventh Circuit's does. *See Mendel v. Morgan Keegan & Co., Inc.,* 654 F. App'x 1001, 1004 (11th Cir. 2016) (reversing district court that treated a state supreme court decision "as binding precedent that trumped this Court's interpretation" of federal law, holding that the state supreme court

"was entitled to interpret the [federal law] for the benefit of its lower state courts," but "had no power to contravene our [*i.e.* the Eleventh Circuit's] interpretation in the federal courts as well."). And the Eleventh Circuit has clearly and repeatedly held that "the rule pronounced by the Supreme Court in *Hall* was not made retroactive to cases on collateral review." *In re Henry*, 757 F.3d 1151, 1159-60 (11th Cir. 2014); *In re Hill*, 777 F.3d 1214, 1223-24 (11th Cir. 2015). James is correct that *Hill* and *Henry* both involved successive habeas applications under section 2244(b)(2)(A). But after a careful review those opinions, the Court finds that it is bound to follow that precedent in its interpretation of section 2244(d)(1)(C). *Compare In re Henry*, 757 F.3d at 1159 ("It is undeniable that the rule pronounced by the Supreme Court in *Hall* was **not made retroactive to cases on collateral review.**" (emphasis added)), *and In re Hill*, 777 F.3d at 1224 (finding *In re Henry* bound the Court to hold the same under the prior panel precedent rule), *with* 28 U.S.C. § 2244(d)(1)(C) (beginning the statute of limitations on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and **made retroactively applicable to cases on collateral review**." (emphasis added)). Because *Hall* was not made retroactive to cases on collateral review, the Court agrees with Judge White and finds that section 2244(d)(1)(C) does not apply to this case. James' objection to that end is therefore **overruled.**

Finally, the Eleventh Circuit has already rejected James' argument that multiple Supreme Court holdings "logically dictate" that *Hall* is to be retroactively applied, and this Court likewise denies that argument here. *See In re Henry*, 757 F.3d at 1161 (rejecting similar arguments and holding that "no combination of Supreme Court holdings compels the conclusion that *Hall* is retroactive to cases on collateral review.").

In sum, the Court **overrules** the Objection (ECF No. 15), **adopts** the R&R (ECF No. 3) in full, **denies** the Petition and request for evidentiary hearing (ECF No. 1) and dismisses this case. The Court does not issue a certificate of appealability. Finally, the Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**. The Clerk is further instructed to **mail** a copy of this order to the Petitioner at the address listed below.

**Done and ordered**, in Chambers, in Miami, Florida, on January 3, 2019.

_____
Robert N. Scola, Jr.
United States District Court Judge

*Copy to*:
Thomas James, Pro Se
DC#114319
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034